UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JEANETTE M. HENNEMANN,** )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>**KILOLO KIJAKAZI,**[1]  )<br>**Acting Commissioner of Social Security,**  )<br>  )<br>    Defendant.  ) | Case No. 4:21-CV-00038-NCC |

**MEMORANDUM AND ORDER**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Jeanette M. Hennemann ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. Plaintiff has filed a brief in support of the Complaint (Doc. 27) and Defendant has filed a brief in support of the Answer (Doc. 35). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 9).

**I.  PROCEDURAL HISTORY**

Plaintiff protectively filed her application for DIB on June 27, 2016 (Tr. 321-24). Plaintiff was initially denied on November 16, 2016, and she filed a Request for Hearing before an Administrative Law Judge ("ALJ") (Tr. 177-91, 223-43). After a hearing, by decision dated December 5, 2018, ALJ Lori Imsland found Plaintiff not disabled (Tr. 192-216). By order dated

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi shall be substituted for former Commissioner Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

January 31, 2020, the Appeals Council vacated the hearing decision and remanded the case to an ALJ (Tr. 217-21).  After a second hearing, by decision dated June 29, 2020, ALJ Walter R. Hellums found Plaintiff not disabled (Tr. 8-31).  The Appeals Council denied review on November 20, 2020 (Tr. 1-7).  As such, ALJ Hellums' decision stands as the final decision of the Commissioner.

## II.  DECISION OF THE ALJ

ALJ Hellums determined that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2021, and that Plaintiff has not engaged in substantial gainful activity ("SGA") since June 27, 2016, the alleged disability onset date (Tr. 13).  In doing so, ALJ Hellums noted that Plaintiff worked after the alleged onset date but that the work activity did not rise to the level of SGA (*id.*).  ALJ Hellums found Plaintiff has the severe impairments of cervical degenerative changes (status-post ACDF and revision), lumbar degenerative changes, COPD, fibromyalgia syndrome, osteoarthritis of the hands, right shoulder degenerative changes, and small nerve fiber neuropathy, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14-16).  After careful consideration of the entire record, ALJ Hellums determined Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following limitations (Tr. 16).  Plaintiff is able to occasionally climb ramps and stairs (*id.*). Plaintiff can occasionally climb ladders, ropes, or scaffolds (*id.*).  Plaintiff can frequently handle, finger, and feel with the bilateral hands (*id.*).  Plaintiff can occasionally reach overhead with the bilateral upper extremities (*id.*).  And Plaintiff can occasionally stoop, kneel, crouch, and crawl (*id.*).  Plaintiff must avoid more than occasional work-related exposure to extreme cold, such as experienced while working in a commercial freezer; extreme heat, such as experienced while

working in close proximity to a lumber kiln; and pulmonary irritants, such as fumes, odors, dusts, gases, and poor ventilation (*id.*).  ALJ Hellums found Plaintiff able to perform past relevant work as a legal secretary, as well as jobs that exist in significant numbers in the national economy, including document preparer, touch up screener, and table worker (Tr. 21-22).  Thus, ALJ Hellums concluded that Plaintiff has not been under a disability from June 27, 2016, through the date of the decision (Tr. 22).

### III.  LEGAL STANDARD

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled.  20 C.F.R. §§ 416.920, 404.1529.  "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled."  *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004)).  In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits.  20 C.F.R. §§ 416.920(b), 404.1520(b).  Second, the claimant must have a severe impairment.  20 C.F.R. §§ 416.920(c), 404.1520(c).  The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities. . . ."  *Id*.  "'The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work.'"  *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001), citing *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations.  20 C.F.R. §§ 416.920(d), 404.1520(d).

3

If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. *Id*.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her RFC. *Steed v. Astrue*, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. *Steed*, 524 F.3d at 874 n.3. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *see also Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. *Krogmeier*, 294 F.3d at 1022.

## IV.  DISCUSSION

Plaintiff raises two issues in her appeal of the Commissioner's decision. First, Plaintiff argues that ALJ Hellums' decision was contrary to the weight of the evidence (Doc. 27 at 3). As part of this argument, Plaintiff asserts that the Appeals Council erred in finding that a medical source statement from Plaintiff's treating neurologist Laurence Kinsella, M.D., submitted after ALJ Hellums' decision, did not relate to the period at issue (*id.* at 3-4). Second, Plaintiff argues that ALJ Hellums failed to properly evaluate credibility (*id.* at 10). Because the Court agrees that the Appeals Council erred, the Court will address that issue alone.

After ALJ Hellums rendered his adverse decision on June 29, 2020, Plaintiff submitted a medical source statement from her primary care physician Jeffrey Draves, M.D., dated August 28, 2020; a medical source statement from Dr. Kinsella dated October 15, 2020; and treatment records from Dr. Kinsella dated October 29, 2020 (Tr. 2, 65-66, 72-79). The Appeals Council

5

acknowledged submission of the additional evidence but found it "does not relate to the period at issue" and therefore "does not affect the [ALJ's] decision" (Tr. 2).

Dr. Kinsella had been treating Plaintiff since October 2017 (Tr. 72). In his medical source statement, he notes diagnoses of small nerve fiber neuropathy, chronic migraines, and orthostatic intolerance (*id.*). He observes that Plaintiff has more than 15 headache days per month, issues with lifting and standing, and constant burning pain in her limbs (*id.*). Dr. Kinsella opines that Plaintiff's anxiety and depression worsen her experience of pain (Tr. 73). With regard to chronic migraines, he notes that Plaintiff's headaches or migraines occur daily and that a typical one lasts all day (*id.*). He further notes that Plaintiff occasionally experiences the aura or warning of photophobia; Plaintiff requires a quiet, dark room when she has a migraine; and Plaintiff experiences post-migraine symptoms of fatigue and irritability that last hours (*id.*).

Dr. Kinsella opines that Plaintiff has the following limitations. Plaintiff needs to miss two or more days of work per month on average due to headaches, chronic pain, fatigue, and depression (*id.*). Plaintiff needs to be off-task 70% of the day due to pain, fatigue, and depression (Tr. 74). Plaintiff needs unscheduled breaks every 45 minutes lasting 10 to 15 minutes (*id.*). Plaintiff has no sitting restriction (*id.*). Plaintiff cannot stand or walk for longer than one and a half hours due to lower back pain and lightheadedness (*id.*). And Plaintiff can only lift less than 10 pounds due to pain in her neck (*id.*). Dr. Kinsella notes 2016 as the earliest date the limitations apply (Tr. 75).

The Appeals Council will review an ALJ's decision if it receives additional evidence that is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Where the Appeals Council makes an

6

express finding that the evidence is not new, material, or related to the adjudicated period, a reviewing court has jurisdiction to determine whether the Appeals Council erred within the meaning of the Regulations. *Lucas v. Saul*, No. 2:18 CV 45 CDP, 2019 WL 4221519, at *2-3 (E.D. Mo. Sept. 5, 2019); *Goodwin v. Astrue*, 549 F. Supp. 2d 1125, 1128-29 (D. Neb. 2008); *Williams v. Sullivan*, 905 F.2d 214, 215-16 (8th Cir. 1990). Whether evidence is actually new, material, and related to the adjudicated period is a question of law the court reviews de novo. *Lucas*, 2019 WL 4221519 at *3; *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

Here, the Appeals Council's conclusion that Dr. Kinsella's medical source statement does not relate to the adjudicated period is incorrect. Merely because the evidence was obtained after the ALJ's decision does not mean it does not "relate[] to" the adjudicated period. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5); *Lucas*, 2019 WL 4221519 at *3; *Williams*, 905 F.2d at 216; *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000). Dr. Kinsella's medical source statement notes that he has been treating Plaintiff since October 2017 and that 2016 is the earliest date the limitations contained in statement apply (Tr. 72, 75). Therefore, the Appeals Council erred when it found that Dr. Kinsella's medical source statement did not relate to the adjudicated period. *See Lucas*, 2019 WL 4221519 at *3 (finding the Appeals Council erred when it found a letter submitted by the plaintiff's treating physician did not relate to the period at issue where the letter mentioned a prior diagnosis and the chronic nature of symptoms); *see also Bergmann v. Apfel*, 207 F.3d 1065, 1069-70 (8th Cir. 2000) (evidence is material when it relates to the claimant's condition for the time period for which benefits were denied, and not to "after-acquired conditions or post-decision deterioration of a pre-existing condition").

Citing 20 C.F.R. § 404.970(b), the Commissioner argues that remand is not warranted because Plaintiff has not established "good cause" for failing to submit Dr. Kinsella's medical

7

source statement to ALJ Hellums (Doc. 35 at 11).  Section 404.970(b) provides that "[t]he Appeals Council will only consider additional evidence … if you show good cause for not informing us about or submitting the evidence" to an ALJ.  20 C.F.R. §§ 404.970(b), 416.1470(b).  Here, the Appeals Council made no determination as to whether and to what extent good cause existed for Plaintiff's failure to submit Dr. Kinsella's medical source statement to ALJ Hellums.  The sole basis given for declining to consider the statement was that the evidence "does not relate to the period at issue" (Tr. 2).  "[W]hether and to what extent good cause exists under the Regulations is a matter for the Appeals Council to decide in the first instance, not this Court."  *Lucas*, 2019 WL 4221519 at *3.

The Commissioner further argues that remand is not warranted because Dr. Kinsella's medical source statement is cumulative of existing evidence in the record (Doc. 35 at 12-13). Specifically, the Commissioner argues Dr. Kinsella's statement is cumulative of a brief 2018 opinion by Plaintiff's primary care physician Dr. Draves that was part of her application for discharge of her student loans (*id.*; Tr. 473).  The Court is not persuaded.  Dr. Kinsella was one of Plaintiff's treating physicians and the only treating physician with a specialty in neurology; Dr. Draves' 2018 opinion makes no mention of chronic migraines and related limitations; and ALJ Hellums found on the record before him that "migraines or primary headache disorder are not medically determinable" (Tr. 15-16).  *See* 20 C.F.R. § 404.1527(c)(2) (providing that "more weight" is given to medical opinions from treating sources), and 20 C.F.R. § 404.1527(c)(5) (providing that "more weight" is given to "the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a

8

specialist");[2] *see also Michael v. Colvin*, No. 4:14-CV-01445-JAR, 2015 WL 5768633, at *6 (E.D. Mo. Sept. 30, 2015) (finding psychiatrist's report was not cumulative despite being a mere checklist because other evidence regarding the plaintiff's mental impairments was limited jand included treatment by the plaintiff's primary care physician).

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the Appeals Council erred in declining to consider Dr. Kinsella's medical source statement on the basis that it did not relate to the adjudicated period.  This matter is remanded to the Commissioner with instruction to resubmit Dr. Kinsella's statement to the Appeals Council for appropriate consideration under 20 C.F.R. §§ 404.970 and 416.1470.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this Memorandum and Order.

A separate judgment shall be entered incorporating this Memorandum and Order.

Dated this 7th day of September, 2022.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

---

[2] 20 C.F.R. §§ 404.1527(c)(2) and (c)(5) apply to Plaintiff's claim as it was filed before March 17, 2017.

9